DEERING v UNIONVILLE-SEBEWAING AREA SCHOOLS

Docket Nos. 46569, 46570. Submitted April 8, 1980, at Lansing.—
Decided May 20, 1980.

Ralph J. Deering was discharged from his employment as a school bus driver for the Unionville-Sebewaing Area Schools. Deering filed charges with the Employment Relations Commission, alleging that his discharge was the result of his efforts at organizing his co-workers. An administrative law judge determined that Deering's participation in lawful concerted activities was minimal and that the actual reason for his discharge was the issuance of two unsafe driving reprimands against him. Deering appealed and the full commission upheld the decision of the administrative law judge. Deering appeals. *Held:*

The findings of the commission are conclusive where supported by competent, material and substantial evidence in the record as a whole. In this case there is sufficient support in the record for the findings of the administrative law judge and the commission that Deering was discharged for reasons other than assertion of his rights to participate in concerted activity for collective bargaining purposes.

Affirmed.

1. ADMINISTRATIVE LAW — EMPLOYMENT RELATIONS COMMISSION — FINDINGS OF FACT — CONSTITUTIONAL LAW — STATUTES.

Findings of fact of the Employment Relations Commission are conclusive if they are supported by competent, material and substantial evidence on the record considered as a whole (Const 1963, art 6, § 28, MCL 423.23[e]; MSA 17.454[25][e]).

2. ADMINISTRATIVE LAW — REVIEW — FINDINGS OF FACT.

Review of an administrative agency decision should accord due deference to administrative expertise; the Court of Appeals will not invade the province of exclusive administrative fact-finding

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 443, 452, 483.
[2] 1 Am Jur 2d, Administrative Law §§ 167, 168.
 2 Am Jur 2d, Administrative Law §§ 620, 621.

by displacing an agency's choice between two reasonably differing views.

*John L. Weslowski,* for plaintiff.

*Mellinger & Mahlberg,* for defendant.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff appeals as of right from a decision of the Michigan Employment Relations Commission which provided that defendant did not violate the public employment relations act, MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* by discharging plaintiff from its employ.

Plaintiff was discharged from employment as a bus driver for the defendant on March 10, 1978. Plaintiff thereupon filed a charge with the Michigan Employment Relations Commission (MERC) alleging, in effect, that his discharge was precipitated by his efforts at organizing his co-workers to obtain higher wages and increased benefits. On the basis of this charge, a hearing was held before an administrative law judge.

After taking extensive testimony from various witnesses, including plaintiff, the administrative law judge concluded that the record did not establish that plaintiff was discharged for any protected activity within the meaning of MCL 423.209; MSA 17.455(9). The judge found that plaintiff's participation in lawful concerted activities under § 9, *infra,* was minimal and that the actual moving cause for his discharge was the issuance of two unsafe driving reprimands against him. Plaintiff then appealed this decision to the full commission. On July 20, 1979, the commission upheld and adopted the recommended order and decision of

the administrative law judge and thereby gave rise to this appeal.

MCL 423.209; MSA 17.455(9) provides:

"It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain collectively with their public employers through representatives of their own free choice."

Additionally, MCL 423.210; MSA 17.455(10) of the PERA provides that: "[i]t shall be unlawful for a public employer or an officer or agent of a public employer * * * to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section 9".

MERC found that plaintiff's discharge was not related to or precipitated by his assertion of his § 9 rights, *supra*. It is this determination which we are called upon to review.

The standard of appellate review of MERC findings of fact is set forth in the labor mediation act as follows:

"* * * The findings of the board with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive." MCL 423.23(e); MSA 17.454(25)(e).

This standard comports with Const 1963, art 6, § 28, which sets forth the minimum constitutional scope of judicial review of administrative decisions:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judi-

cial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

This review requires careful consideration of both sides of the record with due deference being given to administrative expertise. We do not "invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views". See *MERC v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974).

We have reviewed the record and find sufficient support for the findings of the administrative law judge and the commission. There was adequate evidence to find that plaintiff was discharged for reasons other than assertion of his § 9 rights, *supra.* For instance, one of plaintiff's fellow bus drivers testified that, although there was a negotiating committee which represented the bus drivers' interests before the Board of Education, plaintiff never served on this committee nor was he authorized to speak for the drivers. Also, the superintendent of the Unionville-Sebewaing Schools reiterated that plaintiff never acted as spokesperson for the bus drivers. Moreover, the superintendent indicated that plaintiff had been reprimanded for his driving in the past and stated that, in his opinion, plaintiff's poor driving jeopardized the safety of the children in the school district.

In view of the foregoing, we conclude that MERC's findings were supported by competent, material and substantial evidence on the record.

Affirmed.